793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID E. JONES, Plaintiff-Appellant
v.
ASHLAND OIL, INC., Defendant-Appellee.
 85-3572
 United States Court of Appeals, Sixth Circuit.
 5/5/86
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: MARTIN and GUY, Circuit Judges; and REED, District Judge.
 PER CURIAM.
 
 
 1
 In this ERISA case we are called upon for the first time to decide whether Section 510 (29 U.S.C. Sec. 1140) grants plaintiff, David Jones, a statutory cause of action without first exhausting his company pension plan appeal procedure.
 
 
 2
 The facts of this case are undisputed. David Jones was hired by Ashland Oil, Inc. on January 2, 1974, and was terminated after nine and a half years of service on July 25, 1983. Under the retirement program of Ashland his pension would have become vested on January 7, 1984.
 
 
 3
 On December 8, 1983, Jones' attorney wrote a letter to the Plan Administrator of the Ashland Oil Company Retirement Plan for Hourly Employees which stated:
 
 
 4
 This is a formal appeal of Ashland Oil, Inc.'s termination of Mr. Jones' employment and termination of Mr. Jones' participation in the company retirement plan.
 
 
 5
 It is Mr. Jones' position that the termination of his employment, and of his participation in the retirement plan, violated Section 510 of ERISA, 29 U.S.C. [Section] 1140. As you know, Mr. Jones was terminated shortly before his fortieth birthday and the date on which he would have completed 10 years of service. He believes that the company terminated him when it did to avoid liability under statutes prohibiting discrimination on the basis of age, and to avoid the 100% vesting which would have occurred upon his completion of 10 years service.
 
 
 6
 In response to this letter to the Administrator of the Pension Plan, counsel for plaintiff received a letter dated December 20, 1983 from Michael A. Marra, who was identified as Benefits Counsel for Ashland Oil, Inc. This letter stated:
 
 
 7
 The Plan's records show that Mr. Jones terminated employment on 7/25/83. It was the termination of the employment of Mr. Jones which required that his participation in the Plan be terminated.
 
 
 8
 The Committee has no authority or duty to deal with any question relative to the termination of the employment of Mr. Jones. It is, of course, Mr. Jones' prerogative under ERISA to request an appeal on his termination of participation in the Plan. However, the Committee would be determining whether Mr. Jones received proper treatment under the provisions of the Plan[*] in view of the fact of his termination of employment. Such a determination would not review, in any way, the underlying termination of your client's employment.
 
 
 9
 Although your client has the right to request a view of his termination of participation in the Plan, it is obvious that the Committee could only uphold the decision relative to Mr. Jones' benefits under the Plan. However, if your client wishes to formally appeal his Plan benefits he, or his representative, may do so by submitting issues and comments to my attention within 60 days of the date of this letter. . . .
 
 
 10
 Please bear in mind that the committee will not consider, in any way, the underlying termination of your client's employment . . ..
 
 
 11
 Sometime after receiving this letter, Jones filed a complaint in United States District Court alleging that Ashland had violated ERISA by unlawfully discharging him for the purpose of preventing the vesting of his pension rights. On July 23, 1984, the district court granted Ashland's motion which required Jones to exhaust the remedies available to him under the pension plan.
 
 
 12
 Article 10 of the Pension Plan provides an appeal procedure for claims under the plan. With respect to the question whether or not an appeal under the Pension Plan would review the reason for the underlying termination of employment, the Plan states in part:
 
 
 13
 16.2 Status of Employment Relations. Nothing herein contained shall be deemed (i) to give to any employee the right to be retained in the employ of a Participating Company; (ii) to affect the right of a Participating Company to terminate or discharge any employee at any time; (iii) to give a Participating Company the right to require any employee to remain in its employ; or (iv) to affect any employee's right to terminate his employment at any time.
 
 
 14
 The sole question before us is whether a beneficiary of an ERISA plan must exhaust internal plan remedies before suing his employer, the plan fiduciary, on the basis of an alleged violation of duties imposed by Section 510 of ERISA. The Act is silent on this exhaustion question, and the circuits are split on the issue. The Seventh Circuit has ruled that internal plan remedies must be exhausted. See Kross v. Western Electric Co., 701 F.2d 1238 (7th Cir. 1983). However, Kross conflicts with the Ninth Circuit which held that plaintiffs alleging a statutory violation as opposed to a mere denial of benefits owing under a plan need not exhaust internal remedies. See Amaro v. Continental Can Co., 724 F.2d 747 (9th Cir. 1984); cf. Amato v. Bernard, 618 F.2d 559 (9th Cir. 1980).
 
 
 15
 Because of the letter by Jones' counsel the facts of this case do not allow us to address the exhaustion issue. We decide this case solely on the ground that the letter was compliance with the plan, and Jones has exhausted his appeal rights under the plan.
 
 
 16
 Reversed and remanded.
 
 
 17
 ---------------
 
 
 
 * Honorable Scott Reed, United States District Judge for the Eastern District of Kentucky, sitting by designation.